UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TEVA'S WOMEN'S HEALTH, INC., | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 10-80 (FSH) |
| v. | : | |
| LUPIN, LTD., ET AL., | : | |
| Defendants. | : | |
| | | |
| TEVA WOMEN'S HEALTH, INC. | : | |
| Plaintiff, | : | Civil Action No. 10-1234(FSH) |
| v. | : | |
| MYLAN PHARMACEUTICALS | : | |
| Defendant | : | |

**ORDER ON INFORMAL APPLICATION**
**and AMENDED PRETRIAL SCHEDULING ORDER**

     This matter having come before the Court by way of letter dated May 26, 2010, requesting adjustments to certain deadlines embodied in the Order dated May 17, 2010 that fell on Sundays or holidays and to correct a typographical error in Paragraph 6(e); and the Court being advised that all parties concur in this request; and the adjustments having no impact on the overall schedule for proceedings; and for good cause shown,

     **IT IS on this 26th day of May, 2010**

     **ORDERED** that the request to adjust deadlines that fall on Sundays or holidays and to correct the typographical error in Paragraph 6(e) is granted as set forth herein

     **IT IS FURTHER ORDERED THAT:**

(1) the above-captioned cases shall be consolidated with the above-captioned cases for pretrial purposes only;

(2) the request to deviate from the Local Patent Rules concerning defendants' disclosure of noninfringement and invalidity contentions is denied;

(3) the request to bifurcate "exceptional case" discovery is denied.

(4) If the parties agree not to contest infringement, then they shall contact the Court for a telephone conference this schedule.

**IT IS FURTHER ORDERED THAT:**

**I.  COURT DATES**

1. There shall be telephone status conferences before the Undersigned on:

> **August 12, 2010 at 2:00 p.m.**
> **October 12, 2010 at 2:00 p.m.**
> **January 13, 2011 at 2:00 p.m.**

Plaintiff shall initiate the telephone calls.

2. There will be a settlement conference before the Undersigned on **TO BE SET IF REQUESTED.** Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 4, 2011** at **11:00 a.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

**II.  DISCOVERY AND MOTION PRACTICE**

4. a. Fed. R. Civ. P. 26 disclosures, ANDAs, and the NDA are to be exchanged on or before **June 1, 2010.**

   b. (i) No later than **June 30, 2010**, Teva shall produce in the Nevada case

redacted interrogatories responses provided in the Nevada case[1].

    (ii) No later than **June 30, 2010**, Watson shall produce the "lower tier" documents produced in the Nevada case for outside counsel's eyes only.

    c. Invalidity and noninfringement contentions shall be disclosed no later than **June 7, 2010.**

    d. Claims and infringement contentions shall be disclosed no later than **July 22, 2010.**

    e. No later than **June 1, 2010,** the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[2]  All documents shall be produced for outside counsel's eyes only until the Order is entered.

    f. Documents reflecting reliance on counsel's advice in connection with willfulness shall be disclosed no later than 21 days after the Markman ruling absent a request further extension.

    5. Discovery necessary to engage in meaningful settlement discussions: **none.**

    6. a. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **June 9, 2010,** which shall be responded to no later than **July 9, 2010**.  The final set of demands shall be served no later than **October 8, 2010**.  Final supplementation to contention interrogatories shall be disclosed no later than **January 14, 2011.** [3]

    b. Parties shall propose search terms to search their own records no later than **June 24, 2010**.

    c. No later than **June 30, 2010**, the parties shall meet and confer regarding search terms.

    d. No later than **July 6, 2010**, the parties shall finalize search terms or present to the

---

[1]The plaintiff may redact responses that embodied information other generics have designated as confidential.

[2]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

[3]The Court added this deadline to address contention interrogatories that the parties may serve.  This deadline does not relieve the party of providing a timely response to the interrogatory when it is served.

Court unresolved disputes via the joint letter protocol.

  e.  Documents created after November 24, 2009, other than those related to commercial success or communications with the FDA, shall not be produced.

  f.  Privilege logs that comply with L Civ. R. 34.1 shall be produced no later than 21 days after the responses to the document demand is due and final privilege logs shall be produced no later than **November 8, 2010.**

7. The number of depositions to be taken by each side shall not exceed **10**.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  See Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **January 30, 2011**.

8. Fact discovery is to remain open through **January 30, 2011**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

  No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

  Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **October 12, 2010 at 3:00 p.m.**  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10. (a) Watson's Amended Answer shall be filed no laterthan **May 28, 2010.**

  (b) Any party may amend its pleadings or join parties without a motion so long as the amended pleading is filed by **August 13, 2010**.

  (c) Any defendants other than Watson who seek to add a claim or defense of inequitable conduct without a motion shall be do so by **November 5, 2010**.

  (d) Any other motions to amend pleadings shall be filed no later than **October 8, 2010.**

11.   a. The parties shall identify the claims that are to be construed no later than **August 10, 2010.**

b. The parties shall provide their proposed claims constructions no later than **September 10, 2010.**

c. The parties shall file their joint claims construction chart no later than **September 24, 2010.**

d. <u>Markman</u> fact discovery shall be completed no later than **October 25, 2010.**

e. <u>Markman</u> opening briefs shall be filed no later than **November 12, 2010.**

f. <u>Markman</u> expert depositions shall be completed no later than **December 13, 2010.**

g. <u>Markman</u> responsive briefs shall be filed no later than **January 17, 2011**.

h. The proposal for a <u>Markman</u> hearing and/or tutorial shall be filed no later than **January 30, 2011**.

12. Any party seeking to file a dispostive motion shall request a telephone conference before filing the motion. Any motions for summary judgment shall be filed no later than **July 8, 2011.** Any response shall be filed no later than **July 18, 2011** and any reply shall be filed no later than **July 25, 2011.** The return date shall be **August 1, 2011**.before the Hon. Faith S. Hochberg. The Court will advise the parties if oral argument will be required.

### III. EXPERTS

13.   a. All affirmative expert reports shall be delivered by **February 15, 2011.**

b. All responding expert reports shall be delivered by **March 18, 2011**.

c. All reply expert reports shall be delivered by **April 18, 2011.**

14.   a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **June 15, 2011**.

c. <u>Daubert</u> motiosn shall be filed by **July 8, 2011.**

### IV. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 4, 2011 at 11:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **September 27, 2011** at 3**:00 p.m.**  All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

      24.    Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

      25.    FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.

s/Patty Shwartz  
UNITED STATES MAGISTRATE JUDGE
